J. F. GREFFET, Defendant in Error, v. J. A. DOWDALL, Plaintiff in Error.

### April 7, 1885.

1. EVIDENCE—OPPOSING PARTY—CROSS-EXAMINATION.—A party to a suit who calls the other party as a witness to a particular fact, is not bound by testimony elicited on cross-examination by the witness's own counsel.

2. —— BILLS AND NOTES—PROTEST—NOTARY'S CERTIFICATE.—The certificate of a notary public that he notified the endorser of the note of demand and protest is *prima facie* evidence of such notice.

3. PRACTICE.—In actions at law an appellate court will not disturb the judgment on the ground that it is against the weight of the evidence.

ERROR to the St. Louis Circuit Court, BARCLAY, J.

*Affirmed.*

C. M. NAPTON and MCENTIRE & LOEVY, for the plaintiff in error: This cause is submitted on the authority of *Kleinman* v. *Boernstein* (32 Mo. 311); and *Edwards* v. *Thomas* (66 Mo. 468).

T. A. RUSSELL, for the defendant in error: The notary's certificate is *prima facie* evidence of demand, protest, and notice.—Rev. Stat. sect. 2320; *Bank* v. *Hatch*, 78 Mo. 13-22; *Bank* v. *Chambers*, 14 Mo. App. 152.

THOMPSON, J., delivered the opinion of the court.

The plaintiff having taken a non-suit as to the second count of the petition, the questions for decision arise exclusively upon the first count. The action, as stated in this count, is upon a negotiable promissory note for $400, made by H. H. McCabe, at St. Louis, Missouri, on the 27th day of September, 1873, payable sixty days after date, to the order of Joseph A. Dowdall, this defendant, by whom it was endorsed before maturity. It was protested for non-payment on the 29th of November, 1873, and the certificate of the notary

recites: "Of all which I have given due notice in writing and print to the parties concerned, in manner following: To Joseph A. Dowdall by delivering such notice in St. Louis, at his place of business, to the person in charge." The defendant was called by the plaintiff merely for the purpose of proving the genuineness of his endorsement upon the note. After having testified to this fact he was cross-examined by his own counsel; but this cross-examination took the form of an examination on matters not relating at all to the genuineness of his endorsement, but relating to the notice of protest. As to this matter he was clearly not the plaintiff's witness, and there is no principle under which the plaintiff is bound by his testimony, as the defendant's counsel seems to suppose. He testified that he never received any notice whatever of the protest of this note, and never knew that it was protested; that he left the place of business where he had been previously engaged, a month and a half prior to the maturity of the note, and had no place of business in the city of St. Louis at the time of the protest of the note. This fact, he said, could have been easily ascertained, if inquiry had been made at the place were he had formerly done business, or at his residence in St. Louis, which was on Division street, where he resided with his wife and children. The plaintiff (who, it appears, is a subsequent endorser on the note) was his cousin, and knew these facts very well. He never knew that the note had been dishonored until the bringing of this suit. Joel Wood, testifying for the defendant, corroborated his statement that the defendant had no place of business in St. Louis at the date when the note was protested, having dissolved partnership with McCabe, the maker of the note, on the 15th of the previous October, and not having resumed business until the following January. Articles of dissolution of the partnership which had existed between the plaintiff and McCabe, were also put in evidence, reciting that the partnership was dissolved on October 15th. This was all the evidence in the case. No instructions were asked for on either side, or given.

In order to charge the defendant as endorser of the promissory note sued on, it was not necessary that he should receive actual notice; but it was the duty of the holder of the note, or of the notary, acting as agent of the holder, to make reasonable inquiries at the proper sources, to ascertain the residence or place of business of the endorser, and to leave notice of the protest at such residence or place of business, if in the same town, or to send it by mail if in another town.—*Bank of Commerce* v. *Chambers*, 14 Mo. App. 152; *Cabot Bank* v. *Russell*, 4 Gray, 167, 170. The only question which can arise in this case is whether there was any substantial evidence tending to show that the defendant had a place of business in St. Louis at the time of the protest. At the time of this protest, there were, as now, two provisions in our statutes defining the extent to which a notary's certificate of protest should be evidence. The first was found in the chapter on Bills of Exchange and Promissory Notes, corresponding with section 552 of the revision of 1879, and was as follows: "A notarial protest is evidence of a demand and refusal to pay a bill of exchange or negotiable promissory note at the time and in the manner stated in such protest."—1 Wag. Stat., 218, sect. 20. The second was found in the chapter on evidence, corresponding with section 2320 of the revision of 1879, and was as follows: "The certificate of a notary public protesting a bill of exchange or negotiable promissory note, without as well as within this state, setting forth the demand of payment, refusal, protest therefor, and notice of dishonor to parties thereto, and the manner of each of said acts, and verified by his affidavit, shall, in all courts in this state, be *prima facie* evidence of such acts; provided such certificate be filed in the case for at least fifteen days before the trial thereof."—1 Wag. Stat. 598, sect. 50.

The notary's certificate in the present case was verified by affidavit, and was filed in the case more than fifteen days before the trial. It was, therefore, under the terms of the latter section, *prima facie* evidence of

the acts of the notary as therein recited. It was, we take it, *prima facie* evidence that the defendant had a place of business in St. Louis, and that the notary left notice of protest at such place of business. This, if true, was, as matter of law, such reasonable diligence on his part acting in behalf of the holder of the note, as charged the defendant as endorser.

The learned judge, then, sitting as a jury, had before him the notary's affidavit, made at the time, of the fact that the defendant had a place of business in St. Louis, which affidavit is evidence of such fact under the statute. He had before him, also, the testimony of the defendant and that of another witness, corroborated by a copy of the articles of the dissolution of partnership of which the defendant had previously been a member, showing, or tending to show that the defendant had at that time no place of business in St. Louis. There was therefore evidence on both sides of the only disputed question in the case; and although the evidence seems to have preponderated in favor of the defendant's position, yet we are obliged to deal with it as we dealt with the same question in a similar state of the record in the case of *Bank of Commerce* v. *Chambers* (14 Mo. App. 152). We have to affirm the judgment because we cannot retry the facts, or make a verdict of our own and substitute it for the verdict of the trier of the facts in the circuit court, and then render a judgment on such substituted verdict.

The judgment is accordingly affirmed. All the judges concur.